The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding the provisions for annual vacation and holiday compensation for fire fighters under A.C.A. §§ 14-53-106 (Supp. 1989) and 14-53-107. You state that the fire fighters in the city of Malvern work a 24-hour shift, two days a week. You have asked for a determination of what annual vacation will consist of. You have also asked how the city should compensate under these provisions, i.e., whether it should be based on the 24-hour shift. You note that the police department is currently on a 12-hour shift and the employees receive compensation based upon that 12-hour shift.
It is my opinion that, following the reasoning in the case ofCity of Fort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643
(1973), vacation and holiday pay should not be based upon the 24-hour work shift. As noted in Brewer, had the legislature intended for a "tour of duty" to be the basis of the calculation, it could have so provided.[1] 255 Ark. at 820. Instead, § 14-53-106 provides for holiday compensation "based on the fire fighter's daily rate of pay. . . ." A.C.A. § 14-53-106(b) (Supp. 1989). The Court in Brewer rejected the contention that "`a man's daily rate of pay' is based entirely upon the 24-hour work shift, to the exclusion of the 48 hours between shifts, when the fireman is off duty, but subject to call." 255 Ark. at 820-821.
Brewer suggests a similar conclusion with regard to vacation pay. Thus, the word "days" in § 14-53-107[2] suggests something other than a tour of duty, or a 24-hour shift in this instance.
The city may have some discretion, according to the Brewer
opinion, in defining a calendar day, or a day's pay. The court stated:
 The mere fact that the city has endeavored to simplify administrative pay calculations for budgeting and payroll purposes by defining a day's pay as one-tenth of the bi-weekly pay instead of one-fourteenth to conform with the practice as to nonuniformed employees is not so inconsistent with the construction for which appellant contends to be given serious consideration in interpreting the govering act.
255 Ark. at 820. It appears that the city would be justified in calculating a day's pay, for purposes of these provisions, based upon a five-day work week.
The Brewer analysis also compels the conclusion that for purposes of § 14-53-107's grant of "fifteen (15) days" annual vacation, "days" must be construed to refer to 8-hour rather than 24-hour shifts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The uniform sick leave statute which formed the basis of comparison in Brewer, wherein the term "working day" was specifically defined to mean a "tour of duty," has since been amended to delete that definition. See Act 842 of 1983; A.C.A. § 14-53-108 (Supp. 1989).
[2] Section 14-53-107 states that fire fighters must be granted "an annual vacation of not less than fifteen (15) days with full pay."